Abdoulaye DIALLO, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–3142–ag.

United States Court of Appeals, Second Circuit.

July 8, 2008.

Theodore Vialet, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, John C. Cunningham, Senior Litigation Counsel, Don G. Scroggin, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Abdoulaye Diallo, a native and citizen of Guinea, seeks review of the June 26, 2007 order of the BIA affirming the September 23, 2005 decision of Immigration Judge ("IJ") Noel Anne Brennan pretermitting Diallo's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Abdoulaye Diallo*, No. A97 970 402 (B.I.A. Jun. 26, 2007), *aff'g* No. A97 970 402 (Immig. Ct. N.Y. City Sept. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's adverse credibility determination and emphasizes particular aspects of that decision without rejecting any of the IJ's findings, "we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir. 2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004), overruled on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007).

■ We lack jurisdiction to review the agency's pretermission of Diallo's asylum application because he fails to present any legal or constitutional challenge to that determination. *See* 8 U.S.C. §§ 1158(a)(2)(B) & (a)(3), 1252(a)(2)(D). Accordingly, we review only his challenge to the denial of his applications for withholding of removal and relief under the CAT.

■ We find that the agency's adverse credibility finding is supported by substantial evidence. The agency reasonably supported its adverse credibility finding with several material inconsistencies between Diallo's testimony and the documentary evidence in the record. The agency noted in particular an event in January 2001 when he allegedly was arrested, beaten, strip searched, and detained by the government's security forces. When he was asked during direct examination about what happened in prison other than the beating, he replied that "nothing else" happened. The IJ and the BIA noted that this contradicted his own written statement which included several other significant details such as being bound up in chains, threatened with guns, and a strip search that resulted in the discovery of receipts from his contributions to the Union for Progress and Renewal political party ("UPR"). The agency also noted Diallo's failure to testify with any detail regarding the UPR and its purpose or organizational structure, despite having very detailed information about it in his asylum application.

Together, these discrepancies provide substantial evidence in support of the agency's adverse credibility finding. Accordingly, the agency reasonably relied on these discrepancies where they were substantial when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Indeed, they called into question Diallo's involvement with the UPR and whether or not he ever experienced any form of mistreatment, particularly in the form of an arrest or detention, and therefore whether his fear of persecution is subjectively and objectively reasonable. *See Zhou Yun Zhang* 386 F.3d at 74.

The IJ also based her adverse credibility determination on her observation of Dial-

lo's demeanor during his testimony. The IJ specifically noted instances where Diallo was hesitant and unresponsive to the specific questions that were asked. We accord particular deference to such findings. *See Zhou Yun Zhang,* 386 F.3d at 73. In addition, the IJ noted that Diallo failed to corroborate his testimony with authenticated identification documents, and the letter provided by his wife was insufficient to corroborate the details of his claim. Having already called Diallo's credibility into question, the IJ reasonably pointed to the absence of corroborating evidence as further support for the adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Because Diallo failed to establish past persecution due to his incredible testimony and lack of adequate corroboration, he was not entitled to the presumption of a likelihood of persecution in the future. See 8 C.F.R. § 1208.16(b)(1)(i). Furthermore, because the only evidence of a threat to his life or freedom depended on his credibility, the agency's denial of withholding of removal was proper. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003). In addition, because Diallo's claim for CAT relief was premised on the same factual basis as his withholding of removal claim, the adverse credibility determination as to that claim necessarily precludes success on his CAT claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.